Motion to Dismiss.
The opinion of tlie Court was delivered by
Poohé, J.
The Police Jury of Livingston Parish lias taken this appeal from a judgment rejecting its application for mandamus to compel the Respondents to remove their offices and their papers and' archives from one place to another, the latter place- having been selected and designated by an ordinance of the Police Jury, as the parish seat of said parish, in obedience to an election ordered under the provisions of Act No. 13 of 1877, Extra Session.
Appellees’ motion to dismiss the appeal, on the ground that the issue presented in the cause does'not involve a pecuniary amount in dispute within our appellate jurisdiction, is well founded and must prevail.
Art. 81 of the present Constitution, defining the jurisdiction of this Court, has already been the subject of several thorough judicial investigations, and we consider the following proposition as embodying a correct interpretation of that Article, and as firmly established in our jurisprudence: with the exception .of suits for divorce and separation from bed and board, and of cases involving the legality or constitutionality of any tax, toll, or impost, or of any fine, forfeiture or penalty imposed by a municipal corporation, our civil appellate jurisdiction must be tested-By the pecuniary amount involved in the controversy,
as between the parties thereto. State ex rel. Newman vs. Hayles, 32 An. 1136; State ex rel. Crean vs. Bouny, 32 An, 1191; State ex rel. Buckner vs. Jastremski, 33 An. 110.
*835 In this case there is no moneyed demand of any kind; and hence, our jurisdiction must be tested by the amount of direct pecuniary interest involved in the controversy as between the parties thereto, as disclosed by the pleadings and by the evidence.
The issue is the right of Relators to compel the Respondents to obey the mandate of the Police Jury changing the parish seat, and we are at an absolute loss to conceive of any pecuniary interest which the Relators may have, directly or indirectly, in the determination of such an issue. And it is equally clear that Respondents have no more pecuniary interest involved in the question.
W e quote from appellants’ brief on the merits, the folio win g significant declaration: .
“ The clerk and sheriff, as officials, have no interest as to where the seat of justice shall be located in a parish.”
And without violence, the same reasoning can be applied to the members of the Police Jury, as officials.
We note, and we have given due consideration to the allegation in Relator’s petition, and to the affidavit of their counsel filed in this Court, in which it is stated that “ the amount in controversy and the interest involved to the people of Livingston largely exceeds one thousand dollars in tliis suit.”
But we have sought the record in vain for any evidence to support either the allegation or the affidavit.
With due deference to counsel, we know that, their affidavit was made in good faith, and it is very probable that the suit does involve, for the people of Livingston Parish, a pecuniary interest exceeding one thousand dollars, but such interest, if it exists, is not disclosed by the record, and besides, the people of Livingston are not parties to this controversy.
In the case of Crean, 32 An. 1191, we distinctly laid down the rule that: “ The magnitude of public interest awakened by the peculiar litigation, the importance of the legal questions, added to the dire consequences to flow from the execution of an alleged unconstitutional Act of the Legislature, cannot alone be invoked as the test of our jurisdiction in any given case.”
In the case of Wilkins vs. Gault, 32 An. 929, plaintiff had sued on an amount exceeding one thousand dollars, but the record showed that a portion of the sum declared upon consisted of legal interest added to the capital of the claim, which, without such interest, did not exceed one thousand dollars, and for those reasons the appeal was dismissed, and in that case the following rule of interpretation was announced : “ The real amount in dispute, exclusive of interest, whenever the same can be legally ascertained from the pleadings and documents annexed, *836 and not the allegations of parties, is to be the test of our jurisdiction and shall be our rule in determining all such questions.”
In the case of E. R. Moore et al. vs. Police Jury of Bossier Parish, involving the removal of the parish seat, we entertained jurisdiction on the ground that a citizen bf the parish intervened in the suit, and alleged and showed an appealable interest in the controversy.
When, from the nature of the pleadings, some pecuniary interest is disclosed, and the special amount of it does not clearly appear, an affidavit showing that such interest is of an appealable amount, will be considered in support of the appellate jurisdiction.
But no allegation and no affidavit can create an appealable amount of interest, in a litigation which, from its very nature and essence, presents an issue involving no pecuniary gain or loss to the parties in the suit, and where it is apparent from the pleadings that the only judgment to be possibly rendered, can adjudicate no amount in dispute or dispose of no fund to be distributed.
The principle on which wo rest this opinion was fully recognized and frequently applied by our predecessors of this Court, in determining similar questions of jurisdiction, as appears from the following decisions: State ex rel. Sternberg vs. Lagarde, 21 An. 18; State ex rel. Creagh vs. Judge, 21 An. 108; State ex rel. Wrotnoski vs. Bryan, 21 An. 186; State ex rel. St. Romes vs. Levee Press Company, 22 An. 622; State ex rel. Hero vs. Lavische, 24 An. 148; State ex rel. Belden vs. Markey, 21 An. 743.
We are, therefore, clear that the pleadings and the evidence in this case fail to disclose in either party to the suit, a pecuniary interest within our appellate jurisdiction. The motion to dismiss and the merits of the case, being submitted together, we had the undoubted authority to examine the evidence, as well as the pleadings, in testing the question of jurisdiction.
And we may add, that by this view of the subject, the ends of justice are well subserved, since a question involving an interest purely local will be solved by the local authorities.
It is, therefore, ordered, that this appeal be dismissed at appellants’ . costs.
Rehearing refused.
Levy, J., absent.